UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REV. JEFFREY ALLEN ROWE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:17-cv-03288-TWP-MJD |
| AMBER DILLOW LPN., | ) |
| ALICIA D. COOMER LPN., | ) |
| BRUCE D. IPPLE MD., | ) |
| CORRECTIONAL CAPTAIN GARD, | ) |
| GEO GROUP, INC., | ) |
| JEFFERY GLOVER NP., | ) |
| JESSICA WIGAL LPN., | ) |
| HUFFARD Mr., HSA., | ) |
| SGT. BROWN NURSE, | ) |
| BURKHARDT NURSE, | ) |
| CORRECTIONAL CAPTAIN THOMPSON, | ) |
| Defendants. | |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening Standard**

Plaintiff Jeffrey Allen Rowe is a prisoner currently incarcerated at the New Castle Correctional Facility ("NCCF"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Rowe are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The following facts are those that Rowe alleges in his complaint: Rowe has a small cyst on his testicle which causes him severe pain and prevents him from doing many daily activities. He has been denied treatment for this in a number of ways. Defendant Nurse Wigal has delayed in scheduling him for Nurse Sick Call and failed to provide him with adequate pain medication. Nurse Dillow delayed in scheduling him to see the provider. Nurse Practitioner Glover delayed in examining him and when he did examine him, he ordered an ultrasound, but did not provide him with enough medication for his pain. Rowe continued to submit healthcare requests complaining of pain and Nurse Practitioner Glover again delayed in seeing him and failed to provide him with adequate pain medication.

Defendant Huffard is the Health Services Administrator. Rowe submitted multiple communications to Huffard, but Huffard failed to ensure that Rowe received timely and adequate treatment.

Rowe complained of his pain to defendant Dr. Ipple and Dr. Ipple refused to help him.

When Rowe was prescribed pain medication, defendant Burkhardt failed to record properly the amount of medication he should receive. Nurse Coomer delayed his requests for pain medication.

He complained about his pain to defendant Nurse Brown and she referred him to the provider instead of calling the doctors at that time to seek prescription pain medication.

Under its contract with the Indiana Department of Correction, The Geo Group, Inc. ("GEO") has a duty to provide sufficient staff to properly and efficiently operate the security operations at NCCF. As a prisoner at NCCF, Rowe is a third-party beneficiary of this contract. NCCF is understaffed and movement on Rowe's Unit has been delayed. These delays have contributed to the delays in the medical care at issue in Rowe's complaint. Correctional Captains Gard and Thompson were aware of these delays and failed to ensure timely movement within the Unit.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, the claims which shall proceed are the following:

Rowe's claims based on alleged delays in care and inadequate pain medication **shall proceed** against defendants Wigal and Dillow as claims that these defendants were negligent and exhibited deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. His claims that Nurse Practitioner Glover delayed in examining him and failed to treat his pain adequately **shall proceed** as claims that Nurse Practitioner Glover exhibited deliberate indifference to his serious medical needs and committed malpractice. His claims that Huffard failed to ensure that he received timely and adequate treatment **shall proceed** as a claim that Huffard was negligent and deliberately indifferent to his serious medical needs in

violation of the Eighth Amendment. His claim that Dr. Ipple refused to help him shall proceed as a claim that Dr. Ipple exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. His claim that Burkhardt failed to record his prescription properly **shall proceed** as a claim that Burkhardt was negligent and deliberately indifferent to his serious medical needs. The claim that Nurse Brown delayed in getting Rowe treatment from a doctor **shall proceed** as an Eighth Amendment deliberate indifference claim. The claim that Nurse Coomer delayed his request for pain medication **shall proceed** as an Eighth Amendment deliberate indifference claim. The claim that defendants GEO and Correctional Captains Gard and Thompson contributed to the delays in care **shall proceed** as Eighth Amendment deliberate indifference claims. Finally, Rowe's breach of contract claim **shall proceed** against GEO.

This summary of remaining claims includes all of the viable claims identified by the Court. If Rowe believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through November 27, 2017,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

IT IS SO ORDERED.

Date: 10/24/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeffrey Allen Rowe
116017
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Amber Dillow
MEDICAL EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Alicia Coomer
MEDICAL EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Bruce Ipple
MEDICAL EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Jeffery Glover
MEDICAL EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Jessica Wigal
MEDICAL EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Nurse Brown
MEDICAL EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Nurse Burkhardt
MEDICAL EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Correctional Captain Gard
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Correctional Captain Thompson
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362

Mr. Huffard
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
PO Box A
New Castle, IN 47362                    Courtesy Copy to:

GEO Group, Inc.                         Douglass Bitner
One Park Place, Suite 700               Katz Korin Cunningham, PC
621 Northwest 53rd Street               The Emelie Building
Boca Raton, FL 33487                    334 North Senate Ave
                                        Indianapolis, IN 46204