UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REV. JEFFREY ALLEN ROWE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:17-cv-03288-TWP-MJD |
| AMBER DILLOW LPN., | ) |
| ALICIA D. COOMER LPN., | ) |
| BRUCE D. IPPLE MD., | ) |
| CORRECTIONAL CAPTAIN GARD, | ) |
| GEO GROUP, INC., | ) |
| JEFFERY GLOVER NP., | ) |
| JESSICA WIGAL LPN., | ) |
| HUFFARD Mr., HSA., | ) |
| SGT. BROWN NURSE, | ) |
| BURKHARDT NURSE, | ) |
| CORRECTIONAL CAPTIAN THOMPSON, | ) |
| Defendants. | |

**Entry Discussing Motion for Leave to File Supplemental Complaint**

The plaintiff's motion for leave to file a supplemental complaint, dkt. [13], is **granted.** The **clerk shall** re-docket the proposed supplemental complaint (dkt 13-2) as the supplemental complaint.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen the supplemental complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the supplemental complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff alleges in the supplemental complaint that he was denied a prison job that he was previously told he would receive. He contends that defendants Gard, Thompson, and Jackson all acted to deny him this job because he filed this lawsuit. He also alleges that this action is a result of a policy of the GEO Group to retaliate against prisoners for exercising their First Amendment rights. These claims **shall proceed** as claims that these defendants retaliated against the plaintiff in violation of his First Amendment rights.

Defendants Gard, Thompson, and the GEO Group have already appeared in this action. They shall have **twenty-one** days to file an Answer to the Supplemental Complaint. The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant R. Jackson in the manner specified by Rule 4(d). Process shall consist of the supplemental complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 1/22/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeffery Allen Rowe
116017
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

All electronically registered counsel

R. Jackson
EMPLOYEE – CASE WORK MANAGER
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362