UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY ALLEN ROWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-03288-TWP-DLP |
| | ) |
| AMBER DILLOW, | ) |
| ALICIA D. COOMER, | ) |
| BRUCE D. IPPLE, | ) |
| CORRECTIONAL CAPTAIN GARD, | ) |
| GEO GROUP, INC., | ) |
| JEFFERY GLOVER, | ) |
| JESSICA WIGAL, | ) |
| HUFFARD, | ) |
| BROWN, | ) |
| BURKHARDT, | ) |
| THOMPSON, | ) |
| R. JACKSON, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for a TRO and Preliminary Injunction**

Plaintiff Jeffrey Allen Rowe has a cyst on his testicle which causes him severe pain and prevents him from doing many daily activities. He alleges that he has been denied treatment for this condition in a number of ways. He seeks a temporary restraining order and a preliminary injunction ordering the defendants to provide him with particular pain medication and to provide him effective treatment for this condition. Because the standards for a temporary restraining order are essentially identical and because the defendants have had a full opportunity to respond, the Court treats the motion as one for a preliminary injunction.

## I. Standard

A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need. *Goodman v. Ill. Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). A party seeking a preliminary injunction must first show: (1) that his case has "some likelihood of success on the merits," and (2) that he has "no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied." *Ezell v. City of Chi.,* 651 F.3d 684, 694 (7th Cir. 2011).

## II. Discussion

Rowe seeks an order directing that he be provided with particular pain medication and with "effective treatment" for his condition.

### A. *Request for Pain Medication*

First, the defendants argue that Rowe's claims for injunctive relief are moot because he is now receiving the pain medication that he requests. Because Rowe is now receiving this medication, his request for it is **denied as moot**.

### B. *Request for "Effective Treatment"*

The defendants also argue that Rowe has not shown that he is reasonably likely to succeed on the merits of his claims for "effective treatment" for his testicular cyst. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 8374 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011).

"[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). "To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

The evidence currently before the Court is that Rowe has received an ultrasound for the cyst and it has been determined that it is a benign epidydimal cyst with no other abnormalities. Rowe's claims in his request for injunctive relief focus on his expressed need for pain medication. While he has not always received the medication he desired to alleviate his pain, he is now receiving that medication. In addition, there is no evidence at this time to support a conclusion that the defendants have intentionally ignored his complaints or failed to exercise medical judgment. In other words, Rowe has not shown that there is a reasonable likelihood of success on his claim that the defendants have been deliberately indifferent to his serious medical needs. Further, because the cyst is benign and he is now receiving medication to treat his pain, he has failed to show that he has no adequate remedy at law or that he will suffer irreparable harm. He has therefore failed to show his entitlement to injunctive relief.

### III. Conclusion

For the foregoing reasons, the motion for a preliminary injunction, dkt. [11], is **denied**.

**IT IS SO ORDERED.**

Date: 3/13/2018

_signature: Tanya Walton Pratt_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
116017
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com