UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY ALLEN ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03288-TWP-DLP |
| | ) | |
| AMBER DILLOW LPN., | ) | |
| ALICIA D. COOMER, | ) | |
| BRUCE D. IPPLE MD., | ) | |
| CORRECTIONAL CAPTAIN GARD, | ) | |
| GEO GROUP, INC., | ) | |
| JEFFERY GLOVER NP., | ) | |
| JESSICA WIGAL LPN., | ) | |
| HUFFARD Mr., HSA., | ) | |
| BROWN NURSE, | ) | |
| BURKHARDT NURSE, | ) | |
| THOMPSON Correctional Captain, | ) | |
| R. JACKSON Case Work Manager, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING VERIFIED MOTION FOR COURT TO RECONSIDER AND GRANTING VERIFIED MOTION TO COMPEL DISCOVERY AND TO IMPOSE DISCOVERY SANCTIONS

This matter is before the Court on two motions filed by Plaintiff Jeffrey Allen Rowe ("Rowe"). The Court will address each motion in turn.

### I.  MOTION TO RECONSIDER

Plaintiff Jeffrey Allen Rowe ("Rowe") has filed a motion for the Court to reconsider its September 26, 2018, Order granting in part his motion for discovery sanctions (Dkt. 92). Dkt. 98. Rowe is dissatisfied with the Court's decision denying default judgment against defendants the GEO Group, Inc., Captain Gard, Captain Thompson, and R. Jackson ("the GEO defendants"), and instead to only grant Rowe's fees associated with the filing of the motions to compel and his motion for discovery sanctions.

Motions to reconsider orders other than final judgments are governed by Rule 54(b). "Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). A motion to reconsider under Rule 54(b) may also be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions for reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick*, No. 3:11-CV-026, 2011 U.S. Dist. LEXIS 50891, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011) (quoting *United States v. Menominee Tribal Enters.*, No. 07-C-317, 2009 U.S. Dist. LEXIS 45614, 2009 WL 1373952, at *1 (E.D. Wis. May 15, 2009)).

Here, Rowe acknowledges that "[c]ourts are given 'wide latitude in fashioning appropriate sanctions,' but the sanctions must be reasonable under the circumstances." Dkt. 98 at 1 (citing *TruFoods, LLC v. Rigdon*, No. 1:11-cv-0446-JMS-TAB, 2012 U.S. Dist. LEXIS 26014, at *4 (S.D. Ind. Feb. 2, 2012)). However, he objects to the defendant's attorney, Adam Garth Forrest's ("Forrest"), attempt to take sole responsibility for failing to timely respond to Rowe's discovery

requests and motions and to the Court's discovery orders. *Id.* at 2. Rowe further argues that Forrest previously filed an untimely motion for extension of time to file a response to Rowe's motion for summary judgment by asserting that he was busy responding to Rowe's discovery requests. Rowe identifies these statements as inconsistent and believes the Court should not have given credence to Forrest's statements. He further objects to the Court's characterization of Forrest's failures as "an isolated event." *Id.* at 3. Rowe asserts that a simple warning to Forrest and a small monetary sanction is unreasonable. *Id.* at 4.

Although Rowe is unhappy with the Court's Order, he has failed to show that the Court has made a manifest error of law or fact, and a motion to reconsider is not the occasion for him to raise new arguments. Based on the briefing, the Court fashioned what it considered to be an appropriate sanction "proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996). There is no reason to revisit the Court's prior ruling. Accordingly, Rowe's motion for reconsideration, Dkt. [98], is **DENIED**.

## II. FOURTH MOTION TO COMPEL

Despite the Court's prior admonition to counsel for the GEO defendants, the GEO defendants have not responded to Rowe's fourth motion to compel, Dkt. 91. Rowe's fourth motion to compel, Dkt. [91], is **GRANTED** to the extent that these defendants **shall have twenty-one days** to produce documents, as appropriate, in response to the discovery requests at issue in that motion. The GEO defendants and Forrest are on notice that they must strictly follow all of the Court's orders and deadlines for the remainder of the case. Moreover, they must timely respond to Rowe's discovery requests with complete responses in good faith. The Court is in agreement with Rowe, that at this juncture, the GEO defendants' failure to respond to Rowe's discovery

requests and motions appear to be part of a larger pattern. Further failures to respond in good faith will likely result in reconsideration of Rowe's motion for sanctions.

**SO ORDERED.**

Date: 10/17/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
116017
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com