UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY ALLEN ROWE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-03288-JPH-DLP |
| ALICIA D. COOMER, JEFFERY GLOVER, BROWN, | ) ) ) ) ) |
| Defendants. | ) |

**ENTRY ON PENDING MOTIONS**

The claims remaining in this action are based on the theory that NP Glover, Nurse Brown and Nurse Coomer were deliberately indifferent to plaintiff Jeffrey Allen Rowe's testicular pain while he was incarcerated at New Castle Correctional Facility. A jury trial to resolve these claims is scheduled for May 18, 2020.

The Court, having considered the above action and the matters which are pending, makes the following rulings:

1. Mr. Rowe has notified the Court that he is now incarcerated at the Indiana State Prison in Michigan City, Indiana. He seeks a copy of certain documents that were lost during his transfer. The motion for copies, dkt [160], is **granted.** The **clerk is directed** to include a copy of the following along with Mr. Rowe's copy of this Entry.

    a. Complaint, dkt [1].

    b. Motion for Temporary Restraining Order, dkt [157].

    c. Memorandum of Law in Support and Exhibits, dkt [158].

2. The plaintiff's motion for a temporary retraining order, preliminary injunction and evidentiary hearing, dkt [157], has been considered. The plaintiff requests that this Court order the defendants to provide him with a prescription of Tramadol, 100 mg, twice daily, to treat the pain associated with his epididymal head cyst, until an evidentiary hearing can be held on his motion for preliminary injunction. The request for injunctive relief, however, is now moot. This is because the plaintiff has been transferred to the Indiana State Prison and is no longer under the care of the defendants. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). Even if Mr. Rowe is returned to New Castle Correctional Facility at some point in the future, the Court cannot assume that the same specific narcotic medication would be warranted at that time or that Mr. Rowe would be under the care of the named defendants. *See Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009) (holding that claim for prospective relief was moot because inmate was transferred from the Jail where the misconduct occurred). The motion for injunctive relief, dkt [157], is **denied as moot.**

3. The plaintiff's request that this Court substitute his current medical provider, Dr. Nancy Marthakis, as a defendant in her official capacity, in order to pursue a claim for injunctive relief, dkt [165], is **denied.** If the plaintiff wants to file a civil action concerning his treatment in the Northern District of Indiana, he can do so by filing a new complaint. Adding a new defendant at this point in the case would create unnecessary delays to the Court's calendar.

4. The plaintiff has asked the Clerk to send him instructions on how to access the prisoner e-filing program at the Indiana State Prison. The plaintiff should seek information from

the facility regarding its process. The plaintiff's motion for information, dkt [162], is **granted** to the extent that the **clerk is directed** to include a copy of the "Consent to Receipt of Documents Through Prisoner Electronic Filing Program" along with the plaintiff's copy of this Entry.

**SO ORDERED.**

Date: 1/29/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEFFREY ALLEN ROWE
116017
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com

Jarod Zimmerman
KATZ  KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com